■ SAM F. SCERBO, JR., Appellant, v HELEN ROBINSON, Respondent.— Appeal from (1) an order of the County Court of Saratoga County, entered January 13, 1978, which granted defendant's motion for summary judgment dismissing the complaint, and (2) the judgment entered thereon. This action was commenced to obtain a judgment directing the specific performance of a contract of sale of real property. The contract entered into on or about June 11, 1977 provided for the sale of premises described as follows: "Property known as Elmore Robinson Farm located on Elmore Robinson Road, Town of Stillwater, Saratoga County and State of New York with barn, house and mobile home. Said property consisting of approximately 25 acres. Together with the refrigerator and stove within said mobile home." The contract also contained the following provision: "12. In the event SELLER is unable to convey title in accordance with the terms of this agreement, SELLER'S sole liability will be to refund the amount paid on account of the purchase price and to pay the reasonable cost of examining the title." The purchase price in the contract is $33,000, and plaintiff made a down payment of $1,000. The

balance was to be paid at closing which was to take place 30 days after the purchaser obtained a mortgage commitment in the amount of $20,000. This commitment was issued on June 24, 1977. A survey required by the lending institution disclosed that the entire farm consisted of about 17 acres, and that a portion which was to be reserved, but not mentioned in the contract, consisted of about four acres, leaving only about 13 acres to be transferred pursuant to the contract. At a meeting of the parties and their attorneys held on July 20, 1977, plaintiff requested that the entire parcel be conveyed or the purchase price be reduced. Defendant refused. On July 29, 1977, defendant forwarded a cashier's check in the amount of $1,000 to plaintiff's attorney in full settlement of all claims arising out of the contract. This check was returned by plaintiff. Plaintiff admits that he visited the property on numerous occasions alone, and in the company of defendant's son. He states that he was advised by defendant's son that the property consisted of about 25 acres. The son admits that he was requested to make an estimate of the acreage, and he guessed at about 25 acres. Plaintiff does not deny that a parcel was to be reserved for purpose of a gift to defendant's granddaughter, and the area to be reserved was pointed out to plaintiff. Defendant cannot obviously convey in accordance with the terms of the contract. Special Term properly concluded that the sole remedy available to plaintiff under the terms of the contract prepared by him was the return of the deposit in the amount of $1,000, and the reasonable costs of examining the title. It is within the power of the parties to fix their rights by contract, and to provide for a limitation of liability in the event of inability to perform in accordance with its terms (*Armstrong Homes v Vasa,* 23 Misc 2d 608). Plaintiff cannot insist upon specific performance at a reduced price and to include a parcel to be excepted which exception by mutual mistake was omitted from the contract. Order and judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.